Richard E. **LYNG**, Plaintiff,

v.

A. **PELLEGRINO & SONS, INC.,** et al., Defendants.

Civ. A. No. 86–1534–C.

United States District Court,
D. Massachusetts.

Aug. 30, 1988.

Peter E. Gelhaar, Asst. U.S. Atty., Boston, Mass., for plaintiff.

Alan M. Spiro, Friedman & Atherton, Boston, Mass., for defendants Peter Karger and Melon Produce, Inc.

---

Richard S. Hackel, Monheimer and Hackel, Boston, Mass., for defendant Brunswick Finance Corp.

## MEMORANDUM

CAFFREY, Senior District Judge.

Plaintiff Richard E. Lyng, as Secretary of the Department of Agriculture, has brought this action under section 5 of the Perishable Agricultural Commodities Act, (PACA), 7 U.S.C. § 499e. Section 5 of PACA was enacted to insure that produce growers are paid for the produce they sell to dealers, merchants and brokers. To achieve this goal, PACA imposes a trust for the benefit of unpaid sellers on produce and produce-related assets held by produce merchants, dealers and brokers. This trust continues until the suppliers are paid. 7 U.S.C. § 499e. An unpaid seller perfects his interest in the trust by filing a timely notice of his claim with the Secretary and with the debtor-broker. 7 U.S.C. 499e.

PACA authorizes the Secretary to prevent dissipation of the assets in a trust by bringing suit against a broker in the U.S. District Courts. In addition, the Secretary may bring an action to recover trust assets which have been transferred to a third party. *See In Re G & L Packing Co.*, 41 B.R. 903, 915 (N.D.N.Y.1984); *Matter of Harmon*, 11 B.R. 162, 166 (Bankr.N.D.Tex. 1980).

In the present case, the Secretary has offered evidence that defendant A. Pellegrino & Sons, Inc. purchased and failed to pay for $158,468.63 worth of produce from six Arizona shippers. At least two of the shippers preserved their claims to the trust assets by filing the appropriate notices in a timely fashion.[1] The plaintiff also offered evidence that during the period in which the trust was in effect the corporation made payments totalling $10,000 to its shareholder, Joseph Pellegrino, the sole remaining defendant herein. It is these payments that the Secretary now seeks to recover.

The Secretary moved for summary judgment against defendant Joseph Pellegrino on May 27, 1988. The defendant has filed no opposition to the motion and there is therefore no genuine issue of fact. By virtue of his authority to prevent dissipation of the assets of a PACA trust, the Secretary is entitled to recover trust assets which are transferred to stockholders. For these reasons, summary judgment will be granted in favor of the plaintiff.

Order accordingly.

---

**1.** The claims of these two shippers totalled over $48,000.